Filed 12/29/22  P. v. John CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CLAYTON ALTON JOHN,<br><br>Defendant and Appellant. | C094126<br><br>(Super. Ct. No. CRF2001268) |

A jury found defendant Clayton Alton John guilty of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)[1] -- counts 1 through 3), criminal threats with personal use of a knife (§§ 422, subd. (a), 12022, subd. (b)(1) -- count 5), and possession of a dirk or dagger (§ 21310 -- count 6).  The trial court found true allegations that defendant had three prior serious felony convictions which also qualified as prior strike convictions. (§ 667, subds. (a)-(i).)  At sentencing, the trial court dismissed two of the prior serious felony conviction allegations and sentenced defendant as follows:  25 years to life for the

---

[1] Undesignated statutory references are to the Penal Code.

1

count 5 criminal threats conviction, a consecutive five years for the prior serious felony conviction, and a consecutive year for the personal use of a knife. The trial court imposed but stayed concurrent sentences on the remaining convictions pursuant to section 654, including the following imposed but stayed concurrent sentence on the count 6 possession conviction: the upper term of six years plus five years for the prior serious felony conviction. On each felony count the trial court imposed a $300 restitution fine (§ 1202.4) and a $300 parole revocation fine (§ 1202.45). In addition, the trial court imposed a $30 conviction assessment (Gov. Code, § 70373) and a $40 court operations assessment (§ 1465.8).

Defendant's opening brief on appeal argued (1) the trial court should not have imposed the concurrent and stayed five-year enhancement on the count 6 possession conviction because possession of a dirk or dagger is not a serious felony, and (2) the matter should be remanded for resentencing pursuant to Assembly Bill No. 518 (2021-2022 Reg. Sess.), which affords the trial court previously unavailable discretion to select which term to stay under section 654. In addition, we asked the parties to provide supplemental briefing on the applicability of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) to defendant's upper term sentence on the count 6 possession conviction; among other things, Senate Bill No. 567 amended section 1170 to prohibit upper-term sentencing unless factors in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or established by a certified record of conviction. (§ 1170, subd. (b)(2), (3).) We also asked the parties to comment on the trial court's imposition of fines and assessments given that restitution fines must be imposed per case rather than per count (§ 1202.4, subd. (b)) and conviction assessments and court operations assessments must be imposed per count (Gov. Code, §70373, § 1465.8).

In the briefing and supplemental briefing provided to this court, the parties agree (1) that the trial court should not have imposed the five-year enhancement on the count 6 possession conviction; (2) that recent changes in the law apply retroactively to

2

defendant's nonfinal judgment and require remand for resentencing; and that the trial court should address the appropriate fines and assessments on remand.  Agreeing that remand for resentencing is appropriate, we will affirm the convictions but vacate the sentence and remand the matter for resentencing.

DISPOSITION

Defendant's convictions are affirmed.  Defendant's sentence is vacated and the matter is remanded for a full resentencing hearing consistent with current law.  Following resentencing, the trial court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


_____/S/_____
MAURO, Acting P. J.


We concur:


_____/S/_____
RENNER, J.


_____/S/_____
KRAUSE, J.

3